## Case No. 7,921.

### KOHNE v. INSURANCE CO. OF NORTH AMERICA.

[1 Wash. C. C. 123.][1]

Circuit Court, D. Pennsylvania. April Term. 1804.

NEW TRIAL—VERDICT AGAINST EVIDENCE—DISCRETION EXERCISED.

The court will leave the question of fact to the jury; yet they will exercise a discretion; and if they think the verdict was against evidence, they will grant a new trial.

[Cited in Tilghman v. Tilghman, Case No. 14,-045; U. S. v. Five Cases of Cloth. Id. 15,-110. Approved in U. S. v. Chaffee. Id. 14,-773.]

[This was an action of trover by the plaintiff against the Insurance Company of North America for a policy of insurance. There was a verdict for the plaintiff. Case No. 7,920.] This case came on upon a motion for a new trial; upon the ground that the verdict was against evidence.

Mr. Levy and Mr. Rawle showed cause:

The former contended, that upon a just interpretation of the British order, the Gads-

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

den was not engaged in a trade contemplated by the order. The paying duties at Charleston, made the cargo a part of the American stock; and the subsequent voyage to Spain, was direct from America, and not from Laguira. That no evidence was given, that the assured knew of the order of January, 1798; and therefore, the verdict was properly given in his favour; although the other point should be against him. But, if he knew of the order, he could not know in what manner the British courts would construe it.

Mr. Rawle contended, that the court, having left it to the jury to say, whether the trade was direct or not, and they having found that it was not; the court has precluded itself from interfering with their finding. The jury have the uncontroulable right to decide upon points of fact; and the jury trial must be done away, if the court shall undertake to set aside their verdict, upon the ground that it was given against evidence.

WASHINGTON, Circuit Justice. The doctrine advanced by Mr. Rawle is altogether novel to me. I have always thought it my duty, in charging the jury, to lay down and explain to them the various points of law which arise in the case; to sum up the evidence on both sides, pointing out the legal result from the evidence, if it be one way or the other; but always submitting to them, to determine how the fact really is. I know that a contrary practice is sometimes pursued, and perhaps it may be right. But I have always thought it most safe, most consistent with the privileges of the jury, and attended with less embarrassment; to leave the jury perfectly at liberty as to the weight of evidence; particularly if it be at all contradictory. But, if I had supposed, that by such a practice, I surrendered the power of the court, to set aside a verdict palpably contrary to evidence; I should certainly have adopted a practice, of which I have never approved. But, if it was duty, as I think it was, to leave the evidence to the jury; and if, in consequence of doing so, the verdict, though contrary to evidence, must stand; then it follows, that a new trial can never be granted, because the verdict is against evidence: a doctrine new in this country, as well as in that from which we have derived those rules and principles, which guide our decisions. I certainly shall always respect the opinion of the jury, so far as not to set aside their verdict, in a doubtful case, because I might have drawn a conclusion different from what they have done. But, if the verdict be plainly against evidence; or if in a case of great consequence, as this certainly is, where some doubt might exist as to the correctness of the conclusion drawn by the jury; it would seem right that the case should be more deliberately argued and considered by another

jury; it is certainly most consistent with the objects of justice, to afford such an opportunity. I cannot conceive how the granting of a new trial, can impair the benefits of a jury trial. If by setting aside the verdict, the consequence would be a judgment contrary to it, the position would be correct; but this is not the case. The cause is merely re-heard, before a new jury; when it may be more deliberately considered.

New trial awarded.

Mr. Ingersoll cited 1 Burrows, 390, to prove that new trials are granted, though a particular point was submitted to the jury.

[Upon the new trial there was verdict and judgment for the defendant. Case No. 7,922.]